# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

REGINALD GILES,
*Prisoner Identification No.* 3334399,

    Petitioner,

    v.

STATE OF MARYLAND and
WARDEN PHILLIP MORGAN,

    Respondents.

Civil Action No. TDC-15-0259

## MEMORANDUM OPINION

Petitioner Reginald Giles, who is currently confined at the Maryland Correctional Training Center, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition is DENIED.

## BACKGROUND

On August 24, 2010, Giles was charged in the Circuit Court for Caroline County, Maryland ("the circuit court") with possession with intent to distribute narcotics, possession of narcotics, and possession of drug paraphernalia. The case, *State v. Giles*, No. K-10-8374 (Cir. Ct. Caroline Cty. 2010) ("Case 8374"), *available at* http://casesearch.courts.state. md.us/casesearch/, was scheduled for trial on December 14, 2010. The Assistant State's Attorney ("ASA") and defense counsel engaged in plea negotiations prior to the trial date. On December 14, believing that a plea agreement had been reached, the ASA released the prosecution's witnesses from appearing on that date. When Giles proved unwilling to plead

guilty, the ASA was not prepared to proceed to trial and requested a continuance. The trial judge, who was a visiting judge, stated that he did not have the authority to grant a continuance. The Administrative Judge, who did have the necessary authority, was unavailable. The trial judge then noted that if the State entered a *nolle prosequi*, it could still re-indict Giles on the same charges. Based on this suggestion, the State entered a *nolle prosequi* in Case 8374.

On February 9, 2011, Giles was indicted on the same charges in a new case, *State v. Giles*, No. K-11-8607 (Cir. Ct. Caroline Cty. 2011) ("Case 8607"), *available at* http://casesearch.courts.state.md.us/casesearch/. Defense counsel moved to dismiss the charges on the basis that Giles's right to a speedy trial had been denied. The motion to dismiss was argued and denied on August 10, 2011. On August 17, 2011, following a jury trial, Giles was convicted of possession with intent to distribute cocaine and possession of cocaine. Giles was acquitted of possession of drug paraphernalia. On December 6, 2011, Giles was sentenced to the 10-year mandatory minimum term of imprisonment.

Giles noted a timely appeal of his conviction on December 16, 2011. However, at a March 21, 2012 status conference in a separate felony narcotics case, *State v. Giles*, No. K-11-8919 (Cir. Ct. Caroline Cty. 2012) ("Case 8919"), *available at* http://casesearch.courts.state.md.us/casesearch/, Giles agreed to withdraw his appeal in Case 8607 in exchange for the State dropping the charges in Case 8919. The appeal was dismissed on April 24, 2012, and the State entered a *nolle prosequi* in Case 8919 on or about April 25, 2012.

On June 20, 2012, Giles filed a Petition for Post-Conviction Relief in the Circuit Court for Caroline County, raising two claims of error: (1) that he received ineffective assistance of counsel; and (2) that the trial court erred in denying his Motion to Dismiss in Case 8607. After a December 21, 2012 hearing, at which Giles testified, the state post-conviction court denied the

2

petition on March 8, 2013. Giles filed an Application for Leave to Appeal the Denial of Post-Conviction Relief with the Court of Special Appeals of Maryland, which was denied on December 15, 2014.

Giles filed a timely federal petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, challenging his 2011 convictions and sentence in Case 8607. Although the Court received the Petition on January 28, 2015, it is dated January 15, 2015 and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that pleadings filed by prisoners are deemed filed on the date the prisoner relinquishes control over the documents).

## DISCUSSION

Giles raises three grounds for relief in this Court. First, he asserts that he was coerced into dropping his direct appeal in Case 8607 by the State's offer to drop the indictment in Case 8919. Second, he claims that he received ineffective assistance of trial counsel in pursuing the Motion to Dismiss Case 8607. Third, he contends that the trial court erred in denying his Motion to Dismiss Case 8607.

### I. Dismissal of Direct Appeal

Giles claims that he was improperly coerced or induced into dropping his appeal in Case 8607 by the State's offer to dismiss the charges in Case 8919. He alleges that the prosecutor and defense counsel told him that if he "pursued a direct appeal on case 8607," he would receive "no less than a 40 year sentence when, not 'if,'" he was found guilty in Case 8919. Pet. at 7, ECF No. 1. According to Giles, the plea deal was "an offer I couldn't refuse," such that "[t]here was nothing 'voluntary' about the plea." Reply at 6, ECF No. 13.

Respondents assert that Giles has failed to specify what particular federal constitutional right or law was violated by the trial court's action. *See* 28 U.S.C. 2254(a) (2012) (stating that

federal courts may consider on a petition for a writ of habeas corpus only claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"). Although his argument rests primarily on a state case, Giles asserts that the alleged coercion deprived him of his rights to due process and equal protection of the laws guaranteed by the Fourteenth Amendment. Reading the *pro se* Petition liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court construes the claim as raising a due process violation. The Court therefore finds that the allegation that Giles was coerced into withdrawing his direct appeal in Case 8607 asserts a cognizable claim for relief.

As noted above, on December 16, 2012, Giles filed a timely notice of appeal in Case 8607. He subsequently filed a motion to dismiss his appeal pursuant to an agreement with the State to dismiss the charges in Case 8919. In agreeing to this arrangement, Giles was aware that if he was convicted in Case 8919, he would potentially face a 40-year sentence as a subsequent offender.

Although this issue was not raised as a separate claim in the state post-conviction proceedings, the post-conviction court directly addressed the allegation of improper coercion. The court found that:

> Petitioner knowingly and voluntarily chose not to continue with the appeal in order to obtain the plea agreement from the State in Criminal No. K-11-8919. While Petitioner testified that he was "induced" to withdraw the appeal, this Court views the plea agreement as nothing short of a beneficial, bargained-for exchange. The Court does not find petitioner's assertion of improper inducement to be credible.

State Post-Conviction Op. at 10-11, Answer Ex. 10, ECF No. 12-10. Further, the court noted that:

> [T]he record clearly indicates that the purpose for withdrawing the appeal was for petitioner to maintain his current ten-year sentence from the conviction in

4

Criminal No. K-11-8607 and avoid the possible forty-year sentence as a subsequent offender in case Criminal No. K-11-8919. The State followed through with their part of the bargain and entered the charges in the pending case as *nolle prosequi* and, in exchange, petitioner withdrew his appeal as agreed.

*Id.* at 11.

The state post-conviction court's finding that there was no improper inducement is supported by the underlying record. On March 21, 2012, the date on which the circuit court was informed of the agreement, the court presided over a *voir dire* examination of Giles by defense counsel regarding his acceptance of the terms of the agreement. Included in that examination was the following exchange:

> Q [W]ith regard to today's agreement … you agree to withdraw your appeal that's pending, that Mr. Bradford filed through our office in 05-K-8607, that's the case in which you're serving the active sentence. In exchange for that agreement to withdraw your appeal, the State is going to dismiss the charges in the instan[t] case, which is 8919, with prejudice, so it won't come back. Are you in agreement to dismiss the appeal in the other matter?
>
> A Yes.
>
> Q Do you understand the terms of this agreement?
>
> A Yes.
>
> Q Do you have any questions?
>
> A No.
>
> Q Has anyone made any threats or promises to you in order to enter into this agreement?
>
> A Does that include (unintelligible). No, no.

Tr. Status Conference at 5-6, Answer Ex. 7, ECF No. 12-7.

After noting that Giles had received a 10-year sentence in Case 8607, the court emphasized to Giles that by accepting the agreement, he would be giving up the right to challenge that sentence:

> THE COURT: Okay. So just that you understand, Mr. Giles, that once you dismiss this, that's it.
>
> MR. GILES: Right.
>
> THE COURT: You can't try to, now you have other post conviction remedies, but that's not what we're talking about.
>
> MR. GILES: Right.
>
> MS. DUFOUR: Right. He understands. Some of those, I think may have already been filed, an 8-505 or something of that nature may have already been filed.
>
> THE COURT: Right, or post convicting your trial counsel, something, that, that stuff's not affected but the, the direct appeal to the Court of Special Appeals once dismissed, you're not getting it back and the ten years is going to be the ten years.
>
> MR. GILES: Right.
>
> THE COURT: You have any questions at all?
>
> MR. GILES: Nope.

*Id.* at 7.

Generally, a criminal defendant may waive his right to appeal as part of the plea-bargaining process. *United States v. LeMaster*, 403 F.3d 216, 220 (4th Cir. 2005). Such a waiver must be made knowingly and voluntarily. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (stating that a defendant may waive his right to appeal provided that the waiver is given knowingly and voluntarily). Upon a review of the record, this Court agrees with

the state post-conviction court that the agreement that Giles would dismiss his appeal in Case 8607 in exchange for the dismissal of the charges in Case 8919 was a bargained-for exchange. It was entirely rational for Giles to agree to this arrangement, even if it meant accepting the 10-year sentence in Case 8607, because he eliminated the possibility of a 40-year sentence as a subsequent offender. As the circuit court colloquy demonstrates, Giles acted knowingly and voluntarily in that he was fully aware of the terms and consequences of the agreement, and he acknowledged that he had not been threatened or induced into accepting the agreement against his will. The Court finds no due process violation that would support the granting of the Petition.

Giles's citation of *Fisher v. Warden of Maryland Penitentiary*, 185 A.2d 198 (Md. 1962), does not alter this conclusion. In *Fisher*, in assessing a post-conviction claim that the petitioner was denied his right to appeal when he withdrew his appeal "under duress" as a result of alleged agreement to reduce his sentence by half in exchange for dismissing his appeal, the Court of Appeals of Maryland stated, citing state law precedent, that coercion or interference by a judge or state official with a defendant's attempt to appeal could warrant the granting to the defendant of the right to file an untimely appeal. *Id.* at 199-200. Notably, the court identified no violation of federal constitutional or statutory rights arising from a plea agreement of the type agreed to by Giles. Moreover, although the Court of Appeals granted Fisher's application to appeal the denial of post-conviction relief, it did so in order to remand the case for a hearing to determine whether any coercion or improper inducement occurred. *Id.* Here, the post-conviction court conducted such a hearing, heard testimony from Giles, and rejected Giles's allegations of coercion or improper inducement.

"Federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir. 2013) (citations omitted). Where a determination of a factual issue is made by the state court, it is presumed correct, and the petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Where Giles has not overcome this burden to show that the state court's determination that he knowingly and voluntarily waived his appeal was based on an unreasonable assessment of the facts in light of the evidence presented to it, this Court finds no error in that determination. *See Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) ("Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part."). The Court therefore denies the Petition as to the claim that Giles was improperly coerced into dismissing his appeal in Case 8607.

## II. Ineffective Assistance of Counsel

Giles further alleges that his trial counsel was ineffective in presenting the Motion to Dismiss Case 8607 on speedy trial grounds. This claim was presented to the circuit court on post-conviction review and denied on the merits.

A petitioner alleging ineffective assistance of counsel must meet the two-part standard set by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the defendant must show that the deficient performance prejudiced the defense in that counsel's errors "were so serious as to deprive the defendant of a fair trial" whose result was reliable. *Id.*

8

In the state post-conviction proceedings, Giles's argument was that his counsel on the Motion to Dismiss Case 8607, Timothy A. Bradford, was ineffective because he ignored Giles's request that he file a brief written and researched by Giles. His claim centered on Section 6-103(a) of the Criminal Procedure Article of the Maryland Code, Md. Code. Ann., Crim. Proc. § 6-103(a) (West 2011), and Md. Rule 4-271, which provides that a trial must be held within 180 days of the first appearance in the case of either the defendant or defense counsel, whichever is earlier. Md. Rule 4-271. Giles argued that Bradford failed to address the purpose and effect of the statute and rule in the context of the factors to consider on a motion to dismiss, and argued that if Bradford had included in the motion to dismiss the case law and arguments that Giles himself researched, the trial judge would not have denied the motion.

Neither Bradford nor Dolores McBride, Giles's counsel in Case 8374, testified at the December 21, 2012 hearing on the state post-conviction petition. The state post-conviction court noted that "[w]here a petitioner alleges that his trial counsel was ineffective but fails to call trial counsel to testify at the post-conviction hearing, the hearing judge may presume that trial counsel had a tactical reason for the action(s) he took." State Post-Conviction Op. at 8-9, Answer Ex. 10. The court stated that it was therefore "presented with the very narrow issue of whether trial counsel's failure to argue the procedural content of Md. Rule 4–271 in a particular way rises to the level of deficient performance." *Id.* The court found that Giles's attorney's "acts and alleged omissions do not rise to the level of deficient performance" and stated that it "frankly, concludes that petitioner's argument is frivolous." *Id.* The court reasoned that:

> It is well settled that the Sixth Amendment does not require the best possible defense or that every attorney render a perfect defense. Petitioner argues in hindsight that had Bradford submitted the brief and arguments drafted by petitioner, Judge Jenson would have ruled differently. In these circumstances, courts are not to second guess trial counsel's decisions. Bradford's actions are

9

assessed based on a comparison to "prevailing professional norms," and his actions must be presumed reasonable until proven otherwise. Trial counsel's decision to submit his own brief and emphasize certain legal arguments to the trial court was reasonable; therefore, his performance was not deficient. Absent a finding of deficient performance, the Court need not make a finding of whether petitioner was prejudiced.

*Id.* at 9-10 (footnotes omitted).

In his Petition to this Court, Giles makes the same arguments presented to the state court. Where the state court decided the issue of ineffective assistance of counsel on the merits, this Court may not grant the Petition on this basis unless it finds that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

Upon review of the record, this Court concludes that the state post-conviction court correctly and reasonably applied the *Strickland* standard to the facts of this case and based its decision on a reasonable determination of the facts. In the Petition, Giles's claim is that Bradford was ineffective in unsuccessfully arguing that Case 8607 should be dismissed because it was improper for the State to *nolle prosequi* the predecessor case, Case 8374, then re-indict him on the same charges in Case 8607. In Giles's view, where the State asked for a continuance of the December 14, 2010 trial because its witnesses were not present, and the trial judge could not grant the continuance and instead suggested a *nolle prosequi* and reindictment, this procedural maneuver violated Maryland Rule 4–271, which states in relevant part that:

> The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4-213, and shall be not later than 180 days after the earlier of those events.

Md. Rule 4–271(a)(1); *see also* Md. Code Ann., Crim. Proc. § 6–103(a) (stating that the "trial date may not be later than 180 days" after the first appearance of counsel or the defendant). Under Maryland law, failure to comply with these deadlines may warrant dismissal. *State v. Huntley*, 983 A.2d 160, 161 (Md. 2009). Dismissal of the indictment, however, is appropriate only if the State "seeks to circumvent" these rules and "unjustifiably delay a defendant's trial beyond 180 days." *Id.* at 169. Dismissal is not appropriate where the prosecution acts in "in good faith" or so as not to evade the deadlines. *Id.* at 164; *Curley v. State*, 474 A.2d 502, 507 (Md. 1984). In the absence of bad faith, a decision to enter a *nolle prosequi* and re-indict would restart the 180-day period. *Huntley*, 983 A.2d at 168.

Giles's claim is that Bradford was ineffective because he "argued only one aspect of the Rule, completely ignoring the procedural violation which was blatant and essential in prevailing on his motion to dismiss." Pet. at 10. He contends that if the purpose for, or the necessary effect of, entering the *nolle prosequi* was to circumvent the rule or statute, the 180-day time period for the original case would have continued to run, rather than be re-started with the new indictment in Case 8607, such that Case 8607 should be dismissed for failure to proceed to trial within the time limit. Giles contends that Bradford did not understand this point and thus failed to argue that dismissal was warranted because the *nolle prosequi* was entered in order to circumvent Rule 4-271.

At the August 10, 2011 hearing on the Motion to Dismiss, however, Bradford essentially made the argument described by Giles. Bradford noted that where the State had failed to ensure that its witnesses were present for trial, a continuance was not possible, and a *nolle prosequi* was then entered, it was "obvious the State is trying to get around this [180-day requirement]." Tr. Mot. Hrg. at 21, Answer Ex. 3, ECF No. 12-3. Bradford cited case law in which, as in the

11

present case, a criminal case was dropped only to have a new indictment for identical charges. And he argued that, unlike in other cases, it was "unfair" to "blame the Defendant" for the State's lack of preparedness for trial. *Id.* at 20. After referencing the transcript of the December 14, 2010 hearing, the same transcript that Giles argues proves his point, Bradford argued that "if [the prosecutor is] not circumventing the [180] day rule, why he's asking for good cause at that point?" *Id.* at 33. Bradford further argued that the case should be dismissed because the State had the opportunity to bring the new case to trial within the original 180-day time limit, but failed to do so: "And when it was nolle prossed, if they had acted right away . . . they could have met this one eighty, but they didn't." *Id.* at 21. Indeed, at the end of the argument, the Circuit Court stated, "Mr. Bradford[,] a very well articulated, well argued motion" before denying it on the grounds that although the State had not been ready for trial, there was no bad faith because it reasonably believed there was going to be a guilty plea, and there was no judge was available to grant a continuance that otherwise could have been granted, such that the *nolle prosequi* was not entered to circumvent the 180-day time limit *Id.* at 35-38.

The record therefore reveals that Bradford understood and made the procedural argument that Giles asserts he should have made. The fact that he did not offer the argument in precisely the same form, with the specific brief drafted by Giles, does not render his representation ineffective. *See Strickland*, 466 U.S at 688-89 ("There are countless ways to provide effective assistance in any given case."); *Burch v Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (noting that there is a "strong presumption that counsel's strategy and tactics fall within the wide range of reasonable professional assistance"). Under these circumstances, the Court finds no error in the state post-conviction court's determination. Because Giles has not met his burden of establishing that the state post-conviction court's application of *Strickland* was unreasonable in concluding

that Giles had not established ineffective assistance of counsel and denying his motion for post-conviction relief, this Court will deny the Petition on the issue of ineffective assistance of counsel.

### III. Denial of Motion to Dismiss

In a related argument, Giles seeks *habeas* relief on the grounds that the circuit court's denial of his Motion to Dismiss in Case 8607 was erroneous. The state post-conviction court, however, dismissed this claim on the grounds that Giles had not presented the claim on direct appeal. Specifically, the court ruled that this claim was "not reviewable by this Court" because "the post-conviction remedy is not a substitute for the remedies which were available to the petitioner on appeal." State Post-Conviction Op. at 10-11, Answer Ex. 10. Based on the record and Giles's testimony at the post-conviction hearing, the state post-conviction court found that Giles had "knowingly and voluntarily chose not to continue with an appeal in order to obtain the plea agreement" dropping the charges in Case 8919, such that the "allegation was waived when petitioner voluntarily withdrew his appeal." *Id* at 11. Noting that Giles had entered into the agreement in order to "avoid the possible forty-year sentence as a subsequent offender" in Case 8919, the court found no "special circumstances" to excuse the waiver. *Id.*.

On this record, the Court finds that Giles has procedurally defaulted this ground for relief. Generally, "when a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). In addition, the failure to present claims to the highest state court results in a procedural default of those claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). As discussed above, the state post-conviction court based

its decision on the claim that the motion to dismiss was denied erroneously on a state procedural rule. Giles also failed to present his claim to the highest court in Maryland, because he withdrew his direct appeal.

When a state prisoner's *habeas* claim has been procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show both "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense" that "impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S 478, 488 (1986). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. In addition, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)) (alteration in original); *Coleman*, 501 U.S. at 750 (holding that procedural default may be excused if the failure to consider the claims will result in a "fundamental miscarriage of justice") Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. To be credible, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

14

Having already found nothing improper about the circumstances underlying Giles's agreement to dismiss his direct appeal, *see supra* part I, the Court concludes that Giles has not established cause for the failure to present on direct appeal his claim of error in the Motion to Dismiss ruling. Giles has offered no persuasive evidence that would sustain a finding of prejudice, or a finding that a failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, the Court denies the Petition as to the claim that the Motion to Dismiss was erroneously denied.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*.

Giles's claims have been dismissed on both substantive and procedural grounds. Upon review of the record, this Court finds that Giles has not made the requisite showing. The Court therefore declines to issue a Certificate of Appealability. Giles may still request that the United

States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Date: January 17, 2018

THEODORE D. CHUANG
United States District Judge